## J. Whitsett v. The State.

1. Hog-Theft — Jurisdiction. — By art. 748 of the Revised Penal Code, the theft of hogs worth less than $20 was, by the amelioration of the penalty, reduced from the grade of felony to that of misdemeanor, and by sect. 16, Art. V., of the Constitution of 1876, the jurisdiction to try parties charged with this or any other misdemeanor (with certain exceptions) is vested exclusively in the County Courts, whether the offence was committed before or since the Revised Codes took effect.

2. Same — Practice. — Before the Revised Codes took effect, and when every hog-theft was a felony, the appellant was indicted for the theft of two hogs, alleged in the indictment to be of the value of $10. Prior to his trial the Revised Codes took effect, and he pleaded to the jurisdiction of the District Court, and moved that the cause be transferred to the County Court for trial; but, though he did not elect to be tried under the former law, the District Court overruled his plea and motion, put him on trial, and convicted him of misdemeanor. *Held*, error.

Appeal from the District Court of Johnson.    Tried below before the Hon. J. Abbott.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.    The indictment charged the theft of two certain hogs of the value of $10, alleging the theft to have been committed the eleventh day of June, 1876. Trial and conviction were had in the District Court on the 14th of March, 1880. Defendant moved to quash the indictment, pleaded to the jurisdiction of the District Court, and also moved to have the cause transferred for trial to the County Court. These motions were all overruled. We are of opinion that the indictment is good, and that the court did not err in overruling the motion to quash. The return and presentment by the grand jury into court, as shown by the minutes, and which was also a special ground of objection and exception to the indictment, were in substantial compliance with the law.

Under the law in force when the crime is alleged to have

been committed, the punishment for theft of hogs where the value of the property was under $20 was by imprisonment in the penitentiary for not less than one nor more than two years. Gen. Laws 1873, p. 80. By the Revised Statutes, which had become operative before and at the trial, the punishment for theft of hogs of less value than $20 was ameliorated and fixed at imprisonment in the county jail not exceeding one year, during which time the prisoner may be put to hard work, and by fine not exceeding $500, or by such imprisonment without fine. Rev. Penal Code, art. 748. This change in the punishment changed the grade of the crime from a felony to a misdemeanor. Penal Code, art. 54. The law having changed the crime from a felony to a misdemeanor, defendant was entitled, as a matter of right, to be tried under the law ameliorating the punishment, unless he had expressly elected to be tried under the provisions of the old law. Penal Code, art. 19.

Being a misdemeanor, the County Court had jurisdiction of the cause (Const., Art. V., sect. 16), and the defendant's plea to the jurisdiction of the District Court should have been sustained, and his motion granted to transfer the cause to the County Court for trial. In certifying the bill of exceptions reserved to the ruling, the learned judge says, by way of explanation of his action, that " it is believed that sect. 19 of title 1, chap. 1, of Penal Code, when construed with sects. 5 and 6 of final title of Revised Civil Statutes, was not intended to affect the question of jurisdiction." Such is not our understanding of the proper construction to be placed upon the sections of the " final title " referred to. On the contrary, if, above and beyond the Constitution and laws establishing the jurisdiction of misdemeanor cases in the County Court, we look to these sections for a determination of the question, we find it expressly provided that the rules announced are made to apply in all cases, " except that where the mode of procedure or matters of

practice have been changed by the Revised Statutes, the procedure had, after the Revised Statutes shall have taken effect, in such prosecution or suit, shall be, as far as practicable, in accordance with the Revised Statutes." Rev. Stats. 718, sect. 6. The procedure with regard to trials of misdemeanors under indictment has been changed by the Revised Statutes, and exclusive original jurisdiction of all misdemeanors, except in certain cases, is conferred upon the County Court by express provision of our Code of Criminal Procedure. Rev. Code Cr. Proc., art. 72.

Because the District Court had no jurisdiction of the case, and erred in refusing to transfer the same to the County Court on motion of the defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*